Lesley E. Weaver (SBN 191305)
*lweaver@bfalaw.com*
Anne K. Davis (SBN 267909)
*adavis@bfalaw.com*
Joshua D. Samra (SBN 313050)
*jsamra@bfalaw.com*
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLEY WRIGHT, individually and as a parent and guardian of her minor child, A.B., and on behalf of all others similarly situated, | Case No. 3:25-cv-01543 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| v. | 1. **Negligence** |
| | 2. **Negligence** *Per Se* |
| POWERSCHOOL HOLDINGS, INC. and POWERSCHOOL GROUP LLC, | 3. **Breach of Third-Party Beneficiary Contract** |
| Defendants. | 4. **Invasion of Privacy** |
| | 5. **Unjust Enrichment** |
| | 6. **Breach of Fiduciary Duty** |
| | 7. **Declaratory Judgment** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Ashley Wright, individually and as a parent and guardian of her minor child, A.B., ("Plaintiff"), and on behalf of all others similarly situated, by and through her attorneys, brings this class action against Defendants PowerSchool Holdings, Inc. and PowerSchool Group LLC (collectively, "PowerSchool" or "Defendants"). Plaintiff makes the following allegations on information and belief, upon personal knowledge as to her own acts and experiences, upon the investigation of counsel, and upon facts that are a matter of public record.

# I.    INTRODUCTION

1.    Plaintiff brings this data breach class action against Defendants for their failure to properly secure and safeguard Plaintiff's and/or other members of the proposed class's ("Class Members") personally identifying information stored by the Defendants. PowerSchool is a cloud-based software provider of education technology to K–12 schools.

2.    On January 7, 2025, Defendants began announcing to schools that an unauthorized threat actor had accessed records of students and employees between December 19 and December 24, 2024 (the "Data Breach"). According to Defendants, an unauthorized threat actor used compromised credentials to gain access to PowerSchool's internal support tools. The threat actor then used an "export data manager" tool to download records from schools nationwide. The full scope of the information exposed in the breach is yet unknown but includes: names, phone numbers, birthdays, addresses, Social Security numbers, medical information, school records, and other personally identifiable information (collectively, "PII" or "Private Information").

3.    In order to use PowerSchool's services, Plaintiff and Class Members had to provide their Private Information to the Defendants. Therefore, at all relevant times, Defendants knew or should have known that Plaintiff and Class Members would use Defendants' services to store and/or share sensitive data, including highly confidential Private Information.

4.    Yet, Defendants failed to implement appropriate security measures, which would have prevented the Data Breach. PowerSchool has acknowledged that the Data Breach occurred from passwords and credentials being compromised.

5.    Defendants acted intentionally, willfully, recklessly, and/or negligently in failing to take and implement adequate and reasonable measures to ensure the Plaintiff's and Class Members'

Private Information was safeguarded. As a result, Plaintiff and Class Members have had their personal information exposed to untold number of unauthorized third parties.

6.     Plaintiff brings this class action against the Defendants for their failure to properly secure and safeguard the sensitive and personally identifiable information of Plaintiff and Class Members whose data was stored and maintained by PowerSchool. As a direct and proximate result of Defendants' failure to implement and follow standard security measures, the value of Plaintiff's and Class Members' personal information diminished. Plaintiff and Class Members further face an increased risk of identity theft and fraud due to the Data Breach, and must also devote substantial time, money, and energy to protect themselves, to the extent possible, from these crimes.

## II.    JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which one or more members of the proposed class are citizens of a state different from Defendant. The Court has supplemental jurisdiction over the alleged state law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.

8.     This Court has personal jurisdiction over Defendants because their headquarters and principal place of business is California. Defendants have also conducted systematic and continuous activities in California; and there is a substantial nexus between the conduct Defendants direct at California and the claims asserted herein.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III.    PARTIES

### A.    Plaintiff

10.    **Plaintiff Ashley Wright** is, and at all relevant times herein has been, a resident and citizen of the State of California.

11.     Plaintiff Wright's minor child A.B. is, and at all relevant times herein has been, a resident and citizen of the State of California.

12.     Plaintiff Wright's minor child A.B. attends school in the West Contra Costa County Unified School District. The school district uses PowerSchool products and services. As a result, the Private Information of Plaintiff Wright and her minor child A.B. was collected by PowerSchool.

13.     Plaintiff Wright believed that the Private Information collected by PowerSchool would be kept confidential and secure and would be used solely for authorized purposes related to her minor child's education.

14.     On or about January 10, 2025, Plaintiff Wright received a notice of a data breach from the school district, stating that the school district had been informed of a cybersecurity breach of PowerSchool's systems by an unauthorized party using a compromised credential to gain access to user data, and that it was awaiting up-to-date information from PowerSchool. Thus, upon information and belief, her and her minor child's Private Information was improperly accessed by unauthorized third parties in the Data Breach.

15.     As a result of Defendants' failure to safeguard her and her child's Private Information, Plaintiff Wright and her minor child suffered significant harm, including diminution in the value of their Private Information, emotional distress, an increased risk of identity theft and fraud, and lost time spent investigating the Data Breach and monitoring for fraud and identity theft.

**B.      Defendants**

16.     **Defendant PowerSchool Holdings, Inc.** is a company incorporated in Delaware, with its principal place of business located at 150 Parkshore Drive, Folsom, California 95630.

17.     **Defendant PowerSchool Group LLC** is a Delaware limited liability company, with its headquarters located at 150 Parkshore Drive, Folsom, California 95630. PowerSchool Group LLC is a subsidiary of PowerSchool Holdings, Inc. Defendant PowerSchool Holdings, Inc. is the parent company of PowerSchool Group LLC and was acquired by Bain Capital in October of 2024.

CLASS ACTION COMPLAINT

IV.    **COMMON FACTUAL ALLEGATIONS**

A.    **Defendants Collected Plaintiff's and Class Members' Private Information**

18.    Defendant PowerSchool is an education technology corporation that sells its cloud-based software solutions to schools and school districts throughout the United States and around the world. In order to provide its software and other products to its customers, PowerSchool receives, collects, and stores the Private Information of millions of students and employees who attend or work at the schools and school districts that are their customers. The Private Information collected by Defendants includes names, addresses, dates of birth, phone numbers, email addresses, Social Security numbers, medical information, and other information that Defendants deem necessary to conduct their business.

19.    In collecting and maintaining this Private Information, Defendants agreed they would safeguard the data in accordance with its internal policies, state law, and federal law. Defendants' own website touted their products as a solution to protect student information, stating: "PowerSchool invests in updated security technology and adheres to strict security regulations. To keep your data secure."[1] Defendants further advertised their platform as secure, claiming that it's an "[i]ndustry [l]eader for [p]rotected, [p]rivate [d]ata."[2] On its website, PowerSchool assures parents that they can "trust" PowerSchool to safeguard and protect their children's personal information:[3]

---

[1]    POWERSCHOOL,    "Bring    Accuracy    and    Security    to    Your    Student    Data," https://www.powerschool.com/solutions/keep-your-student-data-safe-secure/ (last visited Jan. 28, 2025).

[2]    POWERSCHOOL, "Cybersecurity, Data Privacy, & Infrastructure," https://www.powerschool.com/security/ (last visited Jan. 28, 2025).

[3]    *Id.*

1

2



3

4

5

6

7

8

9      20.    Further, in PowerSchool's Form 10-K, filed on February 29, 2024, it claimed "[t]he

10   Company has a robust process for the assessment, identification, and management of material risks

11   from cybersecurity threats."[4] It further acknowledged that "[m]anaging cybersecurity risks effectively

12   is one of the *key objectives* of [its] enterprise risk management programs" given that it acts "as a data

13   processor of personal data for educational purposes."[5]

14      21.    By obtaining, collecting, and storing Plaintiff's and Class Members' Private

15   Information and representing that they would safeguard this information, Defendants assumed legal

16   and equitable duties over the Private Information and knew or should have known that it was thereafter

17   responsible for protecting Plaintiff's and Class Members' Private information from unauthorized

18   disclosure.

19      22.    Due to the high-profile nature of these breaches, and other breaches of its kind,

20   Defendants were and/or certainly should have been on notice and aware of such attacks occurring in

21   its industry and, therefore, should have assumed and adequately performed the duty of preparing for

22   such an imminent attack. This is especially true given that PowerSchool is a large, sophisticated

23   operation with resources to put adequate data security protocols in place.

24

25

26   _____

     [4] PowerSchool Holdings, Inc.'s Form 10-K for the fiscal year ended December 31, 2023, at 57,

27   https://www.sec.gov/ix?doc=/Archives/edgar/data/1835681/000183568124000016/pwsc-
     20231231.htm.

28   [5] *Id.*

CLASS ACTION COMPLAINT

23.    And yet, despite the prevalence of public announcements of data breaches and data security compromises, Defendants failed to take appropriate steps to protect Plaintiff's and Class Members' Private Information from being compromised.

**B.    The Data Breach**

24.    Defendants reported on their website that on December 28, 2024, it "became aware of a cybersecurity incident involving unauthorized exportation of personal information" through its PowerSource customer support platform.[6] According to the Defendants, "PowerSource contains a maintenance access tool that allows PowerSchool engineers to access Customer SIS instances for ongoing support and to troubleshoot performance issues."[7] Using this PowerSource tool, the attacker exported the PowerSchool "Students" and "Teachers" database tables to a .CSV file, which was then stolen.[8]

25.    Since learning of the breach, PowerSchool hired the cybersecurity firm CrowdStrike to help investigate the breach. An interim report prepared by CrowdStrike has revealed the hackers were able to extract the sensitive information by accessing an employee account that did not have two-factor authentication enabled—a basic cybersecurity standard for any account that has access to sensitive information.[9]

26.    The hackers who committed the Data Breach have claimed that they are in possession of the Private Information of 62.4 million students and 9.5 million teachers.[10] To date, at least 2.7 million records have been confirmed to have been affected by the Data Breach.[11]

---

[6] POWERSCHOOL, https://www.powerschool.com/security/sis-incident/ (last visited Jan. 28, 2025).

[7] Lawrence Abrams, *PowerSchool hack exposes student, teacher data from K-12 districts*, BLEEPING COMPUTER (Jan. 7, 2025), https://www.bleepingcomputer.com/news/security/powerschool-hacker-claims-they-stole-data-of-62-million-students/.

[8] *Id.*

[9] Kevin Collier, *Children's data hacked after school software firm missed basic security step, internal report says*, NBC NEWS (Jan. 31, 2025), https://www.nbcnews.com/tech/security/powerschool-hack-data-breach-protect-student-school-teacher-safe-rcna189029.

[10] *Id.*

[11] Ionut Arghire, *Millions Impacted by PowerSchool Data Breach*, SECURITYWEEK (Jan. 24, 2025), https://www.securityweek.com/millions-impacted-by-powerschool-data-breach/.

CLASS ACTION COMPLAINT

27.     Defendants did not begin to notify its customers, the schools and school districts where Plaintiff and Class Members attend or work, until January 7, 2025. Plaintiff was not aware of the Data Breach that resulted in the theft of her Private Information until she received notification from her school district. As of this filing, Defendants still have not directly communicated with many of the victims of their Data Breach to notify them of the attack, inform them what Private Information was stolen, and what Defendants intend to do to ensure their data will be properly secured in the future.

28.     Upon information and belief, the unauthorized third-party cybercriminals gained access to Plaintiff's and Class Members' Private Information with the intent of misusing the Private Information, including marketing and selling Plaintiff's and Class Members' Private Information.

29.     Ten days after they claim to have discovered the Data Breach, Defendants finally began sending the Notice to persons whose Private Information Defendants confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendants' recommended next steps.

30.     PowerSchool has acknowledged that the information accessed in the Data Breach included at least the following:

         i.      Names;

        ii.     Addresses;

      iii.    Social security numbers;

      iv.    Phone numbers;

       v.     Email addresses;

      vi.    Medical information;

     vii.   Grades and grade point averages;

    viii.   Bus stops for students;

      ix.    Notes and alerts concerning students;

       x.     Student IDs; and

      xi.    PII of parents of guardians of students.

31.    According to public reports, the cybercriminals were able to exfiltrate 150 unique fields for every student and 97 unique fields for every staff member.[12] This information, which includes special education status, mental health details, disciplinary notes, and parent restraining orders, were exposed in the recent hack targeting PowerSchool.[13]

32.    Plaintiff and Class Members are left to speculate as to where their Private Information ended up, who has used it, and for what potentially nefarious purposes. Indeed, they are left to further speculate as to the full impact of the Data Breach and how exactly Defendants intend to enhance their information security systems and monitoring capabilities so as to prevent further breaches.

33.    Plaintiff's and Class Members' Private Information may end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed Private Information for targeted marketing with Plaintiff's and/or Class Members' approval. Either way, unauthorized individuals can now easily access Plaintiff's and Class Members' Private Information.

**C.    Defendants Had an Obligation to Protect the Stolen Information**

34.    Defendants had a responsibility to protect the personal information entrusted to them by Plaintiff and Class Members by implementing sufficient security measures, including by implementing stricter password and credential requirements.

35.    Defendants further had a duty to safeguard customers' Private Information pursuant to industry standards and duties imposed by statutes, including Section 5 of the Federal Trade Commission Act (the "FTC Act"), which requires companies to maintain reasonable and appropriate data security measures. The FTC has issued guidance specifically to the entities which use cloud-based services, and reminded them that securing the information on the cloud-based services is their corporate responsibility.[14]

---

[12] Arghire, *supra* n.11.

[13] Suzanne Smalley, *PowerSchool breach exposed special education status, mental health data and parent restraining orders*, THE RECORD (Feb. 11, 2025), https://therecord.media/powerschool-breach-exposed-special-ed-status-mental-health-data.

[14] *Protecting Personal Information: A Guide for Business*, FED. TRADE COMM'N (Oct. 2016), https://www.ftc.gov/business-guidance/resources/protecting-personal-information-guide-business.

36.     Defendant PowerSchool is a sophisticated technology company—it is one of the largest education technology providers in the world. PowerSchool is well aware of its duty to safeguard information and that the data it collects and stores are valuable targets for data thieves. Indeed, PowerSchool acknowledges that identifying "cybersecurity risks [] is one of the key objectives" of its business in its Form 10-K.[15]

37.     Despite knowing that their clients' data was valuable and was at risk of cyberattack, Defendants continued to store massive amounts of their customers' data in an insecure manner. Had Defendants implemented proper security measures, such as by implementing stricter password and credential requirements, the Data Breach may have been prevented.

38.     In failing to adequately secure Plaintiff's and Class Members' sensitive data, Defendants breached duties they owed Plaintiff and Class Members under statutory and common law.

**D.     Value of the Private Information**

39.     Plaintiff and Class Members have suffered injury from the misuse of their Private Information that can be directly traced to Defendants' conduct in causing the Data Breach.

40.     As a result of Defendants' inadequate security and breach of their duties and obligations, the Private Information of Plaintiff and Class Members was compromised through disclosure to an unauthorized criminal third party. Plaintiff and Class Members have suffered injuries as a direct and proximate result of Defendants' conduct. Plaintiff and Class Members now face an increased risk of identity theft and will consequentially have to spend, and will continue to spend, significant time and money to protect themselves due to the Data Breach.

41.     Plaintiff and Class Members must now spend their own time, money, and energy to monitor their accounts to ensure personal information obtained in this Data Breach is not used to further harm them. This includes the need to review all financial activity, monitor credit status, update previously secure passwords and logins to an increasing variety of accounts, scrutinize communications, and seek out and purchase credit monitoring services and identity theft protection.

---

[15] PowerSchool Holdings, Inc.'s Form 10-K, *supra* n.4.

CLASS ACTION COMPLAINT

42.    Once personal information is exposed, there is virtually no way to ensure that the exposed information has been recovered or contained against future misuse. In addition, there is the prospect that the stolen data can be aggregated and combined with the data from other data breaches.

## V.    CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this action pursuant to Rule 23(b)(2), 23(b)(3), and 23(b)(4) of the Federal Rules of Civil Procedure, on behalf of Plaintiff, her minor child, and the following class and subclasses (collectively, the "Class"):

**The Nationwide Class**: All individuals whose PII was compromised as a result of the Data Breach.

**The Student Subclass**: All students and former students whose PII was compromised as a result of the Data Breach.

**The Employee Subclass**: All employees of entities that use PowerSchool whose PII was compromised as a result of the Data Breach.

44.    Excluded from the proposed Class are: Defendants, any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants; and judicial officers to whom this case is assigned and their immediate family members.

45.    Plaintiff reserves the right to re-define the Class definition after conducting discovery.

46.    **Numerosity (Fed. R. Civ. P. 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Based on information and belief, the Class includes millions of people whose PII was compromised as a result of the Data Breach. The parties will be able to identify the exact size of the Class through discovery and Defendants' records.

47.    **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2); 23(b)(3)).** Common questions of law and fact exist for each of the claims and predominate over questions affecting only individual members of the Class. Questions common to the Class include, but are not limited to the following:

a)    Whether Defendants had a legal duty to implement and maintain reasonable security procedures and practices for the protection of Plaintiff's and Class Members' PII;

b)    Whether Defendants breached their legal duty to implement and maintain reasonable security procedures and practices for the protection of Plaintiff's and Class Members' PII;

c)    Whether Defendants acted willfully, recklessly, or negligently in connection with the maintenance of reasonable security procedures and practices to protect Plaintiff's and Class Members' PII;

d)    Whether Defendants' conduct, practices, actions, and omissions, resulted in or was the proximate cause of the Data Breach, resulting in the loss of Plaintiff's and Class Members' PII;

e)    Whether Defendants had a legal duty to provide timely and accurate notice of the data breach to Plaintiff and Class Members;

f)    Whether Defendants breached their duty to provide timely and accurate notice of the Data Breach to Plaintiff and Class Members;

g)    Whether and when Defendants knew or should have known that their systems were vulnerable to attack;

h)    Whether Defendants adequately addressed and fixed the vulnerabilities that enabled the Data Breach;

i)    Whether Defendants received a benefit without proper restitution making it unjust for Defendants to retain the benefit without commensurate compensation;

j)    Whether Defendants violated state Unfair Competition Laws;

k)    Whether Plaintiff and Class Members suffered legally cognizable damages as a result of Defendants' conduct, including increased risk of identity theft and loss of value of their PII; and

l)    Whether Plaintiff and Class Members are entitled to relief, including compensatory damaged, punitive damages, and/or statutory or civil penalties, and equitable relief.

CLASS ACTION COMPLAINT

48. **Typicality (Fed. R. Civ. P. 23(a)(3)).** Pursuant to Rule 23(a)(3), Plaintiff's claims are typical of the claims of the Class Members. Plaintiff's claims are typical of the claims of the members of the Class because all Class Members' Private Information was compromised following the Data Breach and all Class Members were harmed as a result.

49. **Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)).** Pursuant to Rule 23(a)(4), Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class. Plaintiff has no interest antagonistic to, or in conflict with, the interests of the Class Members. Plaintiff has retained counsel experienced in prosecuting class actions and data breach cases.

50. **Superiority (Fed. R. Civ. P. 23(b)(3)).** Pursuant to Rule 23(b)(3), a class action is superior to individual adjudications of this controversy. Litigation is not economically feasible for individual Class Members because the amount of monetary relief available to individual plaintiffs is insufficient in the absence of the class action procedure. Separate litigation could yield inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. A class action presents fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

51. **Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief (Fed. R. Civ. P. 23(b)(1) and (2)).** In the alternative, this action may properly be maintained as a class action, because:

a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendants;

b) the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

CLASS ACTION COMPLAINT

c)     Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

52.     **Issue Certification (Fed. R. Civ. P. 23(c)(4)).** In the alternative, the common questions of fact and law, set forth above, are appropriate for issue certification on behalf of the proposed Class.

## VI.     CAUSES OF ACTION

### COUNT I
### Negligence
### (On Behalf of Plaintiff and the Class)

53.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

54.     Plaintiff brings this claim on behalf of herself, her minor child, and on behalf of the Class.

55.     Defendants owed a duty to Plaintiff and all other Class Members to exercise reasonable care in safeguarding and protecting their PII in Defendants' possession, custody, or control.

56.     Defendants knew, or should have known, the risks of collecting and storing Plaintiff's and all other Class Members' PII and the importance of maintaining secure systems. Defendants knew, or should have known, of the vast uptick in data breaches in recent years. Defendants had a duty to protect the PII of Plaintiff and Class Members.

57.     Given the nature of Defendants' business, the sensitivity and value of the PII they maintain, and the resources at their disposal, Defendants should have identified the vulnerabilities to their systems and prevented the Data Breach from occurring, which Defendants had a duty to prevent.

58.     Defendants breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' PII by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems to safeguard and protect PII entrusted to them—including Plaintiff's and Class Members' PII.

59.     It was reasonably foreseeable to Defendants that their failure to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' PII by failing to design, adopt,

implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems would result in the unauthorized release, disclosure, and dissemination of Plaintiff's and Class Members' PII to unauthorized individuals.

60.     But for Defendants' negligent conduct or breach of the above-described duties owed to Plaintiff and Class Members, their PII would not have been compromised.

61.     As a result of Defendants' above-described wrongful actions, inaction, and want of ordinary care that directly and proximately caused the Data Breach, Plaintiff and all other Class Members have suffered, and will continue to suffer, economic damages, and other injury and actual harm in the form of, *inter alia*: (i) a substantially increased risk of identity theft—risks justifying expenditures for protective and remedial services for which they are entitled to compensation; (ii) improper disclosure of their PII; (iii) breach of the confidentiality of their PII; (iv) deprivation of the value of their PII, for which there is a well-established national and international market; (v) lost time and money incurred to mitigate and remediate the effects of the Data Breach, including the increased risks of identity theft they face and will continue to face; and (vi) actual or attempted fraud.

**COUNT II**
**Negligence *Per Se***
**(On Behalf of Plaintiff and the Class)**

62.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

63.     Plaintiff brings this claim on behalf of herself, her minor child, and on behalf of the Class.

64.     Under the FTC Act, 15 U.S.C. § 45, Defendants had a duty to use fair and adequate computer systems and data security practices to safeguard Plaintiff's and Class Members' Private Information.

65.     Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect the PII entrusted to it. The FTC publications and orders promulgated pursuant to the FTC Act also form part of the basis of Defendants' duty to protect Plaintiff's and Class Members' sensitive PII.

66.     Defendants violated Security Rules and Section 5 of the FTC Act by failing to use reasonable measures to protect Plaintiff's and all other Class Members' PII and not complying with applicable industry standards. Defendants' conduct was particularly unreasonable given the nature and amount of PII they obtain and store, and the foreseeable consequences of a data breach involving PII including, specifically, the substantial damages that would result to Plaintiff and the other Class Members.

67.     Defendants' violations of Security Rules and Section 5 of the FTCA constitute negligence *per se*.

68.     Plaintiff and Class Members are within the class of persons that Security Rules and Section 5 of the FTCA were intended to protect.

69.     The harm occurring because of the Data Breach is the type of harm Security Rules and Section 5 of the FTCA were intended to guard against.

70.     It was reasonably foreseeable to Defendants that their failure to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' PII by failing to design, adopt, implement, control, direct, oversee, manage, monitor, and audit appropriate data security processes, controls, policies, procedures, protocols, and software and hardware systems would result in the release, disclosure, and dissemination of Plaintiff's and Class Members' PII to unauthorized individuals.

71.     The injury and harm that Plaintiff and the other Class Members suffered were the direct and proximate result of Defendants' violations of Security Rules and Section 5 of the FTCA. Plaintiff and Class Members have suffered (and will continue to suffer) economic damages and other injury and actual harm in the form of, *inter alia*: theft of their PII; costs associated with credit monitoring and identity theft protection services; costs associated with the detection and prevention of identity theft and unauthorized use of their PII; damaged credit scores resulting from credit inquiries following fraudulent activities; lost time spent addressing and attempting to ameliorate, mitigate, and deal with the actual and future consequences of the Data Breach; diminution in value of their PII; and emotional distress from the unauthorized disclosure of PII.

## COUNT III
### Breach of Third-Party Beneficiary Contract
### (On Behalf of Plaintiff and the Class)

72.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

73.     Plaintiff brings this claim on behalf of herself, her minor child, and on behalf of the Class.

74.     Prior to storing and processing data with Defendants' services, each of Defendants' customers entered into a contract with Defendants, under which, upon information and belief, Defendants agreed to take reasonable steps to protect data stored in their systems, including Plaintiff's and Class Members' PII, and to comply with their statutory and common law duties to protect Plaintiff's and Class Members' PII.

75.     Upon information and belief, each such contract Defendants entered into with their clients was substantially similar with respect to Defendants' duty to safeguard data, including Plaintiff's and Class Members' PII. Further, each such contract was made for Plaintiff's and Class Plaintiff's direct benefit, and for each such contract, Defendants' secure housing of PII was a material obligation that was specifically bargained for.

76.     Upon information and belief, Defendants' clients would not have provided their data, which included Plaintiff's and Class Members' PII, to Defendants had they known that Defendants would not safeguard it, as promised.

77.     As set forth above and throughout, Defendants failed to fulfill their obligations to safeguard this data, including Plaintiff's and Class Members' PII. Defendants at all times knew that any such breach of this duty would proximately cause harm to Plaintiff, Plaintiff's minor children, and Class Members.

78.     The losses and damages Plaintiff and Class Members sustained, include, but are not limited to: theft of their PII; costs associated with credit monitoring and identity theft protection services; costs associated with the detection and prevention of identity theft and unauthorized use of their PII; damaged credit scores resulting from credit inquiries following fraudulent activities; lost time spent addressing and attempting to ameliorate, mitigate, and deal with the actual and future

1    consequences of the Data Breach; diminution in value of their PII; and emotional distress from the

2    unauthorized disclosure of PII.

3         79.    As a direct and proximate result of Defendants' breach of these contracts, Plaintiff and

4    Class Members are entitled to damages, including compensatory, punitive, and/or nominal damages,

5    in an amount to be proven at trial.

6    **COUNT IV**
**Invasion of Privacy**

7    **(On Behalf of Plaintiff and the Class)**

8         80.    Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

9         81.    Plaintiff brings this claim on behalf of herself, her minor child, and on behalf of the

10    Class.

11         82.    Plaintiff and Class Members have a legally protected privacy interest in their PII that

12    Defendants required them to provide and/or allow them to store.

13         83.    Plaintiff and Class Members reasonably expected their PII would be protected and

14    secured from unauthorized parties, would not be disclosed to any unauthorized parties, or disclosed

15    for any improper purpose.

16         84.    Defendants unlawfully invaded the privacy rights of Plaintiff and Class Members by

17    (a) failing to adequately secure their PII from disclosure to unauthorized parties for improper purposes;

18    (b) leaving their PII exposed to unauthorized parties in a manner that is highly offensive to a reasonable

19    person; and (c) leaving their PII exposed to unauthorized parties without the informed and clear

20    consent of Plaintiff and Class Members. This invasion into the privacy interests of Plaintiff and Class

21    Members is serious and substantial.

22         85.    In failing to adequately secure Plaintiff's and Class Members' PII, Defendants acted in

23    reckless disregard of their privacy rights. Defendants knew or should have known that their

24    substandard data security measures are highly offensive to a reasonable person in the same position as

25    Plaintiff and Class Members.

26         86.    Defendants violated Plaintiff's and Class Members' right to privacy under the common

27    law as well as under state and federal law.

28

CLASS ACTION COMPLAINT

87.     As a direct and proximate result of Defendants' unlawful invasions of privacy, Plaintiff's and Class Members' PII has been viewed or is at imminent risk of being viewed, and their reasonable expectations of privacy have been intruded upon and frustrated. Plaintiff and the proposed Class have suffered injury as a result of Defendants' unlawful invasions of privacy and are entitled to appropriate relief.

**COUNT V**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

88.     Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

89.     Plaintiff brings this claim on behalf of herself, her minor child, and on behalf of the Class.

90.     Defendants enriched themselves by saving the costs they reasonably should have expended on data security measures to secure Plaintiff's and Class Members' PII, which cost savings increased the profitability of their services.

91.     Upon information and belief, instead of providing a reasonable level of security that would have prevented the Data Breach, Defendants instead calculated to avoid their data security obligations at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendants' failure to provide the requisite security.

92.     Defendants should not be permitted to retain the monetary value of the benefit belonging to Plaintiff and Class Members, because Defendants failed to implement appropriate data management and security measures that are mandated by industry standards.

93.     Defendants acquired the monetary benefit, PII, through inequitable means in that they failed to disclose the inadequate security practices previously alleged.

94.     Had Plaintiff and Class Members known that Defendants had not secured their PII, they would not have agreed to provide PII to Defendants. Plaintiff and Class Members have no adequate remedy at law.

95.     The losses and damages Plaintiff and Class Members sustained, include, but are not limited to: theft of their PII; costs associated with credit monitoring and identity theft protection

18

1  services; costs associated with the detection and prevention of identity theft and unauthorized use of

2  their PII; damaged credit scores resulting from credit inquiries following fraudulent activities; lost

3  time spent addressing and attempting to ameliorate, mitigate, and deal with the actual and future

4  consequences of the Data Breach; diminution in value of their PII; and emotional distress from the

5  unauthorized disclosure of PII.

6      96.    Defendants should be compelled to disgorge proceeds that they unjustly received into

7  a common fund or constructive trust for the benefit of Plaintiff and Class Members.

8                              **COUNT VI**
                        **Breach of Fiduciary Duty**
9                **(On Behalf of Plaintiff and the Class)**

10     97.    Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

11     98.    Plaintiff brings this claim on behalf of herself, her minor child, and on behalf of the

12 Class.

13     99.    By accepting, collecting, storing, and processing Plaintiff's and Class Members' data,

14 Defendants became guardians of Plaintiff's and Class Members' PII. Defendants became fiduciaries

15 by their undertaking and guardianship of the PII, and thereby had a fiduciary duty to act primarily for

16 Plaintiff and Class Members, (1) for the safeguarding of Plaintiff's and Class Members' PII; (2) to

17 timely notify Plaintiff and Class Members of a Data Breach; and (3) to maintain complete and accurate

18 records of what information Defendants store and where they store it.

19     100.   Defendants have a fiduciary duty to act for the benefit of Plaintiff and Class Members

20 upon matters within the scope of their relationship. Defendants breached that duty by failing to

21 properly secure and protect Plaintiff's and Class Members' PII.

22     101.   Plaintiff and Class Members provided their PII to Defendants with the understanding

23 that it would be protected and that such PII would not be disseminated to any unauthorized third

24 parties. Plaintiff and Class Members would not have entrusted Defendants to retain their PII had they

25 known of Defendants' inadequate data security practices.

26     102.   Defendants breached their fiduciary duty to Plaintiff and Class Members by failing to

27 sufficiently encrypt or otherwise protect Plaintiff's and Class Members' PII, and by failing to

28 implement stricter password and credential requirements.

CLASS ACTION COMPLAINT

103.    Defendants also breached their fiduciary duty to Plaintiff and Class Members by failing to diligently discover, investigate, and give notice of the Data Breach in a reasonable and practicable period.

104.    As a direct and proximate result of Defendants' breach of their fiduciary duty, Plaintiff and Class Members have suffered and will continue to suffer numerous injuries as detailed above.

<u>**COUNT VII**</u>
**Declaratory Judgment**
**(On Behalf of Plaintiff and the Class)**

105.    Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

106.    Plaintiff brings this claim on behalf of herself, her minor child, and on behalf of the Class.

107.    Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and to grant further necessary relief. The Court has broad authority to restrain acts, such as those alleged herein, which are tortious and unlawful.

108.    An actual controversy has arisen in the wake of the Data Breach regarding Defendants' duties to safeguard and protect Plaintiff's and Class Members' PII. Defendants' security measures were, and continue to be, woefully inadequate.

109.    Plaintiff and Class Members continue to suffer damages and exposure to other injury and harm, and without a declaratory relief, they will likely continue to suffer further injury, a possibility of a future data breach, and harm.

110.    Therefore, Plaintiff and Class Members request a judicial determination of their rights and duties, and ask the Court to enter a judgment declaring that, *inter alia*, (i) Defendants owed a legal duty to safeguard and protect Plaintiff's and Class Members' confidential and sensitive PII, and to timely notify them about the Data Breach, (ii) Defendants breached those legal duties by failing to safeguard and protect Plaintiff's and Class Members' PII, and (iii) Defendants' breach of their legal duties directly and proximately caused the Data Breach, and the resulting damages, injury, and/or harm suffered by Plaintiff and Class Members. A declaration from the Court ordering Defendants to stop

1    their illegal practices is required. Plaintiff and Class Members will otherwise continue to suffer harm

2    as alleged above.

3 **VII.     PRAYER FOR RELIEF**

4         WHEREFORE, Plaintiff, on behalf of herself, her minor child, and Class Members, requests

5    judgment against Defendants and that the Court grants the following:

6        a)    For an Order certifying the Class, and appointing Plaintiff and Plaintiff's counsel to

7            represent the Class;

8        b)    For equitable relief enjoining Defendants from engaging in the wrongful conduct

9            complained of herein pertaining to the misuse and/or disclosure of the PII of Plaintiff

10           and Class Members;

11        c)    For injunctive relief requested by Plaintiff, including but not limited to, injunctive and

12            other equitable relief as is necessary to protect the interests of Plaintiff and Class

13           Members, including but not limited to an order:

14             i.    prohibiting Defendants from engaging in the wrongful and unlawful acts

15                described herein;

16             ii.    requiring Defendants to protect, including through encryption, all data collected

17                through the course of their business in accordance with all applicable

18                regulations, industry standards, and federal, state, or local laws;

19             iii.    requiring Defendants to delete, destroy, and purge the personal identifying

20                information of Plaintiff and Class Members unless Defendants can provide to

21                the Court reasonable justification for the retention and use of such information

22                when weighed against the privacy interests of Plaintiff and Class Members;

23             iv.    requiring Defendants to provide out-of-pocket expenses associated with the

24                prevention, detection, and recovery from identity theft, tax fraud, and/or

25                unauthorized use of their PII for Plaintiff's and Class Members' respective

26                lifetimes;

27

28

**CLASS ACTION COMPLAINT**

v.      requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the PII of Plaintiff and Class Members;

vi.     requiring Defendants to engage independent third-party security auditors/penetration testers, as well as internal security personnel, to conduct testing, including simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis, and ordering Defendants to promptly correct any problems or issues detected by such third-party security auditors;

vii.    requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring;

viii.   requiring Defendants to audit, test, and train their security personnel regarding any new or modified procedures;

ix.     requiring Defendants to segment data by, among other things, creating firewalls and controls, so that if one area of Defendants' network is compromised, hackers cannot gain access to other portions of Defendants' systems;

x.      requiring Defendants to conduct regular database scanning and securing checks;

xi.     requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling personal identifying information, as well as protecting the personal identifying information of Plaintiff and Class Members;

xii.    requiring Defendants to routinely and continually conduct internal training and education, and on an annual basis to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

CLASS ACTION COMPLAINT

xiii.  requiring Defendants to implement a system of tests to assess their respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendants' policies, programs, and systems for protecting personal identifying information;

xiv.  requiring Defendants to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendants' information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated;

xv.  requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves;

xvi.  requiring Defendants to implement logging and monitoring programs sufficient to track traffic to and from Defendants' servers; and

xvii.  for a period of 10 years, appointing a qualified and independent third-party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendants' compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the Class, and to report any deficiencies with compliance of the Court's final judgment;

d)  For an award of damages, including actual, nominal, statutory, consequential, and punitive damages, as allowed by law in an amount to be determined;

e)  For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

f)  For prejudgment interest on all amounts awarded; and

g)  For such other and further relief as this Court may deem just and proper.

## VIII.  JURY DEMAND

Plaintiff demands a jury trial for all claims so triable.

Dated: February 13, 2025

Respectfully submitted,

By: */s/ Anne K. Davis*
Lesley E. Weaver (SBN 191305)
*lweaver@bfalaw.com*
Anne K. Davis (SBN 267909)
*adavis@bfalaw.com*
Joshua D. Samra (SBN 313050)
*jsamra@bfalaw.com*
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020

*Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT